HUGH ALLEN and others *v.* JOHN W. BATES and others.

A carrier who receives grain for transportation, the freight upon which is to be paid by the bushel, can only recover freight for the quantity actually delivered by him.

APPEAL by defendants from a judgment of the Marine Court. This was an action to recover for freight for the transportation of a quantity of corn from Buffalo to New York. The charge was at the rate of twelve and a half cents per bushel. The corn was brought down, one lot on the canal boat Times, and one lot on the canal boat Red Gauntlet. The plaintiff claimed for carrying 4,000 bushels on each boat. He also claimed two items of $20 each for lighterage, and $20 for two days' demurrage, making the entire charge $1,060. The defendants had paid $950, leaving a balance of $110, claimed to be due.

The evidence showed that the corn was loaded at Buffalo by weight, and that, allowing fifty-six pounds to the bushel, 4,000 bushels were loaded on each boat. But upon its delivery in New York the corn was measured again, and it was then discovered that there were on one boat only 3,937 bushels, and on the other 3,969 bushels, leaving a deficiency of ninety-four bushels in all. The defendants refused to pay the claim for lighterage and demurrage. They also claimed to recover damages for the deficiency in the corn, which they claimed to set off against the plaintiff's charge for freight, and declined to pay freight except for the number of bushels actually delivered.

Upon the trial, the plaintiffs offered evidence, without objection, that it was not customary for forwarders, in settling freight bills, to pay for a deficiency in grain if it fell short. Evidence also was offered of a promise made by the defendants to pay the plaintiffs' claim, upon their deducting $20 damages. But it appeared that this offer was made in the course of a proposition pending for a compromise between the parties. Judgment was rendered for the plaintiff in the Marine Court for $93.60. The defendants appealed.

*William Bruerton and C. Van Santvoord*, for the appellants.

*Calvin Noyes*, for the respondents.

INGRAHAM, FIRST JUDGE.—In this case it is proven that the corn was loaded on board of both the boats by weight, and, allowing fifty-six pounds to the bushel, that 4,000 bushels were put on board of each boat. It is also proven, that in delivering the cargo here it was weighed, and that the amount delivered, allowing the same weight for a bushel, was, on board of one boat, 3,937 bushels, and on the other 3,969 bushels—making a deficiency of ninety-four bushels from the amount placed on board at Buffalo. For this deficiency no explanation is given, and no excuse shown. The receipts for the corn also state the amount on each vessel to be 4,000 bushels at twelve and a half cents freight per bushel.

I can find no evidence in the case warranting a charge against the defendants for the corn not delivered. If the whole amount was *not* put on board the vessel, the plaintiffs can only recover freight on as much as was received and delivered.

If the whole *was* put on board, they have not, according to the evidence, delivered to the consignee as much as they have received. In either view of the case, the plaintiffs can only recover freight on the amount actually transported and delivered to the consignee.

The evidence received by the justice, of a promise to pay the bill, if it had been objected to, should have been excluded by the court. It was an offer to compromise the claim, and was not proper to bind the defendants if the offer was not accepted. It was, however, received by the court, and although not sufficient to make the defendants liable for freight on the portion which was not delivered to them, still, with the evidence of a custom in the trade not to pay for deficiencies, which was admitted without objection, was, I think, sufficient to warrant the court below in not charging the plaintiffs with the value of such deficiency. Even if the court had allowed the defendants for the

amount of corn not delivered, no value is shown, and the court could not, with propriety, have made any deduction on that account.

The case appears to have been tried partly on admissions made before the court, which do not appear in the return (such as the supposed allowance for damage), and without the proof or admissions before us we have no sufficient data upon which any allowance could be predicated.

There must be deducted from the judgment the freight on ninety-four bushels not delivered, at twelve and a half cents per bushel, amounting to $11.75.

We think, also, the charge of lighterage, $20, was also improperly allowed. There was no evidence to show that this charge had been incurred. The sum of $31.75 must be deducted from the judgment, and the judgment affirmed for the residue, with costs of the court below.

Judgment accordingly.